UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| STEVEN LAWRENCE, on behalf of himself and others similarly situated, | 5:15-CV-472-MTT |
| Plaintiff, | **COMPLAINT** |
| v. | **Jury trial demanded** |
| WARNER ROBINS WRECKER & TOWING SERVICES, INC., DAVID L. GUEST, and IRENE GUEST, | |
| Defendants. | |

Plaintiff Steven Lawrence (hereafter "Mr. Lawrence" or "Plaintiff"), by and through his undersigned counsel, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter "the FLSA"), for himself and on behalf of a class of similarly situated individuals, brings this Complaint against Defendants Warner Robins Wrecker & Towing Services, Inc. ("WRWT"), David L. Guest, and Irene Guest (hereafter collectively referred to as "Defendants") for due but unpaid minimum wage compensation, due but unpaid overtime compensation, liquidated damages, costs of litigation including reasonable attorneys' fees, and for other relief on the grounds set forth as follows:

**JURISDICTION AND VENUE**

1.   This Court has subject matter jurisdiction over this action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U.S.C §§ 1331 and 1337 because this case arises under the FLSA, a federal statute that affects interstate commerce.

2.   Venue properly lies in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because Defendants conduct business operations in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

3.   Mr. Lawrence is a citizen of the State of Georgia who resides in Houston County, Georgia.  Defendants employed Mr. Lawrence in the furtherance of their commercial business in and around Warner Robins, Georgia.

4.   Defendant WRWT is a Georgia corporation with its principal office located at 640 Elberta Rd., Warner Robins, Georgia 31093.  WRWT can be served with the summons and complaint by personal service of its registered agent, David L. Guest, at 640 Elberta Rd., Warner Robins, Georgia 31093.

5.   At all times material hereto, WRWT has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. §203(d).

6.    At all times material hereto, WRWT has been "engaged in commerce" as defined in (1) FLSA § 6(a), 29 U.S.C. § 206(a) and (2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

7.    At all times material hereto, WRWT has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8.    At all times material hereto, WRWT had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

9.    WRWT is subject to the personal jurisdiction of this Court.

10.   David L. Guest is an owner and the Chief Executive Officer of WRWT.

11.   David L. Guest is a resident of Houston County, Georgia.

12.   David L. Guest may be served with process at 640 Elberta Rd., Warner Robins, Georgia 31093.

13.   At all times material hereto, David L. Guest has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

14.   David L. Guest is subject to the personal jurisdiction of this Court.

15.   Irene Guest is an owner of WRWT.

16.   Irene Guest is a resident of Houston County, Georgia.

17.   Irene Guest may be served with process at 640 Elberta Rd., Warner Robins, Georgia 31093.

18. At all times material hereto, Irene Guest has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

19. Irene Guest is subject to the personal jurisdiction of this Court.

## FACTUAL ALLEGATIONS COMMON TO PLAINTIFF AND THE MEMBERS OF THE CLASS HE SEEKS TO REPRESENT

20. Plaintiff brings this action on behalf of himself and all other similarly situated present and former employees of Defendants who consent to join this action pursuant to 29 U.S.C. § 216(b).

21. Plaintiff has consented to be a plaintiff in this FLSA action.  His consent form is filed herewith as Exhibit "A".

22. This action is brought by a former employee of Defendants, Mr. Lawrence, on behalf of all current and former employees who are or were employed by Defendants as tow truck drivers.

23. In the majority of work weeks within the three years prior to the initiation of this action, Defendants paid their tow truck drivers on the basis of a commission-only compensation plan.

24. As a result of Defendants' commission-only pay plan, Plaintiff worked many weeks for which Defendants failed to pay him the minimum wage as required by the FLSA.

25. As a result of Defendants' commission-only pay plan, Plaintiff worked many

weeks for which Defendants failed to pay him at one and one half times his legally required minimum regular rate for work performed in excess of forty hours in a week.

26.   Plaintiff and the members of the class he seeks to represent were and/or are employees engaged in commerce by providing tow truck driving services to Defendants' customers, on behalf of Defendants, within the State of Georgia.

27.   Plaintiff and the members of the class he seeks to represent were and/or are employed by an enterprise engaged in commerce, as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

28.   Plaintiff and the members of the class he seeks to represent were and/or are an "employee[s]" of Defendants as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

29.   WRWT is primarily engaged in the business of providing tow truck services to customers in and around Warner Robins, Georgia.

30.   In 2012, WRWT had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

31.   In 2013, WRWT had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are

separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

32.   In 2014, WRWT had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

33.   In 2015, WRWT had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

34.   At all times material hereto, WRWT was or is the "employer" of Plaintiff and the members of the class he seeks to represent as defined in FLSA § 3(d), 29 U.S.C. §203(d).

35.   At all times material hereto, David L. Guest and Irene Guest were both an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as they were acting directly or indirectly in the interest of WRWT in their interactions with Plaintiff and the members of the class he seeks to represent.

36.   At all times material hereto, David L. Guest was an owner and the Chief Executive Officer of WRWT.

37.   At all times material hereto, Irene Guest was an owner of WRWT.

38.   At all times material hereto, David L. Guest and Irene Guest had authority and exercised control over the finances and operations of WRWT.

39.    At all times material hereto, David L. Guest and Irene Guest exercised managerial authority and control over the day to day business of WRWT, including the terms and conditions of employment for Plaintiff and the members of the class he seeks to represent.

40.    At all times material hereto, David L. Guest and Irene Guest exercised control over the hiring and firing of employees at WRWT.

41.    At all times material hereto, David L. Guest and Irene Guest controlled employee work schedules and conditions of employment of Plaintiff and the members of the class he seeks to represent.

42.    At all times material hereto, David L. Guest and Irene Guest determined the pay rate and the method of pay for Plaintiff and the members of the class he seeks to represent.

43.    At all times material hereto, David L. Guest and Irene Guest had authority and control over WRWT's common policy to pay tow truck drivers on a commission-only basis so as to avoid paying either minimum wage or overtime compensation as required by the FLSA.

44.    Plaintiff and each member of the class he seeks to represent were not guaranteed at least $455.00 per week in wages and the amount of Plaintiff's weekly wages could fluctuate below $455.00 depending on the amount of

commission earned during the week.

45.     All of Defendants' pay records for Plaintiff and the members of the class he seeks to represent reflect that Plaintiff and the members of the class were paid by commission and were not salaried employees.

46.     Throughout Plaintiff's employment with Defendants, and the employment of each member of the class he seeks to represent, each tow truck driver was routinely scheduled to work in excess of forty (40) hours per week and each routinely worked in excess of forty (40) hours per week.

47.     At all times material hereto, Plaintiff and the members of the class he seeks to represent were not subject to any exemption from the minimum wage requirements of the FLSA.

48.     At all times material hereto, Plaintiff and the members of the class he seeks to represent were not subject to any exemption from the overtime pay requirements of the FLSA.

49.     At all times material hereto, Defendants failed to meet the requirements for any of the exemptions from application of the minimum wage requirements of the FLSA under 29 U.S.C. § 206.

50.     At all times material hereto, Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation

requirements of the FLSA under 29 U.S.C. §§ 207 or 213.

51.    The FLSA requires that Plaintiff and each member of the class he seeks to represent be compensated minimum wage at a rate of at least $7.25 per hour for every hour worked in a work week.

52.    The FLSA requires that Plaintiff and each member of the class he seeks to represent be compensated at a rate of one and one half times their regular hourly rate for each hour worked in excess of forty hours in a work week.

53.    Defendants knew or should have known that the FLSA applied to Plaintiff and the members of the class he seeks to represent.

54.    Defendants knew or should have known that the FLSA requires that Plaintiff and each member of the class he seeks to represent are to be compensated minimum wage at a rate of at least $7.25 per hour for every hour worked in a work week.

55.    Defendants knew or should have known that the FLSA requires that Plaintiff and each member of the class he seeks to represent are to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in a work week.

56.    Upon information and belief, in failing or refusing to pay Plaintiff and the members of the class he seeks to represent minimum wage as required by the

FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff and/or the class members were not entitled to the minimum wage.

57.     Upon information and belief, in failing or refusing to pay Plaintiff and the members of the class he seeks to represent overtime compensation as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff and/or the class members were not entitled to overtime compensation at one and one half times their regular rate.

58.     Defendants are liable to Plaintiff and to each member of the class he seeks to represent for compensation for any and all time worked at $7.25 per hour.

59.     Defendants are liable to Plaintiff and to each member of the class he seeks to represent for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one half times their regular hourly rate.

60.     Defendants' conduct constitutes willful violations of 29 U.S.C. §§ 206, 207 and 215 of the FLSA, entitling Plaintiff and the class he represents to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees

and costs of litigation pursuant to 29 U.S.C. § 216.

### FACTUAL ALLEGATIONS REGARDING PLAINTIFF

61.  Mr. Lawrence is a former employee of Defendants.

62.  Mr. Lawrence worked for Defendants from on or about June 6, 2014 through on or about April 22, 2015 at Defendants' facility in Warner Robins, Georgia.

63.  Mr. Lawrence is owed minimum wage pursuant to 29 U.S.C. § 206 for each workweek he was employed by Defendants.

64.  Mr. Lawrence is owed overtime compensation for the time worked in excess of forty (40) hours per week at the rate of at least one and one half times his legally required regular hourly rate pursuant to 29 U.S.C. § 207.

65.  As Defendants' violations of the FLSA were willful, Mr. Lawrence is entitled to an award of liquidated damages in an amount equal to the amount of his unpaid minimum wage and unpaid overtime compensation for a period of three years prior to the filing of this Complaint.

### CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF 29 U.S.C. §§ 206, 215 and 216
### AGAINST ALL DEFENDANTS

66.  The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

67.   During the three-year period preceding the initiation of this action, Defendants failed to compensate Plaintiff and the members of the class he seeks to represent at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

68.   During the three-year period preceding the initiation of this action, Defendants willfully failed to compensate Plaintiff and the members of class he seeks to represent at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

69.   Plaintiff and the members of the class he seeks to represent are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.   As a result of the underpayment of minimum wages as alleged above, Plaintiff and the members of the class he seeks to represent are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

71.   Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent at or above the minimum wage is a violation of § 206 and § 215 of the FLSA.

72.   Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent at or above the minimum wage is intentional and willful.

73.   Defendants' failure to compensate Plaintiff and the members of the class he
      seeks to represent at or above the minimum wage gives rise to a claim for
      relief under the FLSA for unpaid minimum wages for three years prior to the
      filing of this Complaint, through the date of judgment in this action,
      liquidated damages in an amount equal to the unpaid compensation,
      declaratory and injunctive relief, and reasonable attorneys' fees and expenses
      of litigation, pursuant to 29 U.S.C. § 216.

### COUNT TWO
### VIOLATION OF 29 U.S.C. § 207, § 215 AND § 216
### AGAINST ALL DEFENDANTS

74.   The allegations in all previous paragraphs above are incorporated by
      reference as if fully set out in this paragraph.

75.   During the three-year period preceding the initiation of this action,
      Defendants have failed to compensate Plaintiff and the members of the class
      he seeks to represent at one and one half times the legally required regular
      rate for worked performed in excess of forty hours per week as required by
      the FLSA.

76.   During the three-year period preceding the initiation of this action,
      Defendants have willfully failed to compensate Plaintiff and the members of
      the class he seeks to represent at one and one half times the legally required

regular rate for worked performed in excess of forty hours per week as required by the FLSA.

77.    Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent for time actually worked in excess of forty hours per week on the basis of one and one half times the legally required regular hourly rate of pay is a violation of § 207 and § 215 of the FLSA.

78.    Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent for time actually worked in excess of forty hours per week on the basis of one and one half times the legally required regular hourly rate of pay is intentional and willful.

79.    Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent for time actually worked in excess of forty hours per week on the basis of one and one half times the legally required regular hourly rate of pay gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for those employees, past or present, who opt to participate by filing proper written notice with the Court;

(c) Issue an Order holding Defendants to be an "employer" as that term is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiff and the members of the class he represents were covered by the provisions of the FLSA and that Defendants have failed to comply with the requirements of the FLSA;

(f) Award Plaintiff unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages;

(g) Award each member of the class Plaintiff represents unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages, for each week in the three years preceding each class member's joining of this collective action in which such class members were not compensated at or above the minimum wage;

(h) Award Plaintiff proper payment for each overtime hour worked in the

three years preceding the filing of this Complaint, calculated at one and one half times the regular hourly rate, and liquidated damages equaling 100% of overtime due Plaintiff, as required by the FLSA;

(i) Award each member of the class Plaintiff represents proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one half times the regular hourly rate, and liquidated damages equaling 100% of overtime due each class member, as required by the FLSA;

(j) Award Plaintiff and each member of the class he represents prejudgment interest on all amounts owed;

(k) Award Plaintiff and each member of the class he represents their reasonable attorneys' fees and costs of litigation; and

(l) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted on December 17, 2015.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
regan@decaturlegal.com